UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**KAREN BOSTWICK**
       **Plaintiff,**

    v.                                                      Case No. 05-C-0230

**DISCOVER CARD BANK**
       **Defendant.**

---

### DECISION AND ORDER

On February 25, 2005, pro se plaintiff Karen Bostwick filed a civil action in this court against defendant Discover Card Bank.[1] Before me now is defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

A motion to dismiss pursuant to Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal of an action under such a motion is warranted only if it is clear that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded

---

[1] Discover Card Bank is the only defendant identified in the caption of the complaint, and as far as the record reveals, it is the only entity that plaintiff has served in accordance with Fed. R. Civ. P. 4. However, in subsequent filings, plaintiff has included other names in the caption, such as Joseph Louis Olson (defendant's attorney) and Larry Jeske (an Oconto County Circuit Court judge). I therefore deem it necessary to emphasize that Discover Card Bank, as the only entity named as a defendant in the caption of the complaint and the only party served, is the only defendant in this action. See Myles v. United States, – F.3d –, 2005 WL 1683968, at *1-*4 (7th Cir. 2005) (stating that "to make someone a party the plaintiff must specify him in the caption and arrange for service of process").

insufficient facts; it is that even assuming all of his facts are accurate, he has no legal claim. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). In ruling on such a motion, a court must assume that all of the facts alleged in the complaint are true and draw all reasonable inferences from those facts in the light most favorable to the plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990). Where, as here, the plaintiff is proceeding pro se, I am obligated to give her pleadings a liberal construction. See, e.g., Haines v. Kerner, 404 U.S. 519 (1972).

In the present case, the complaint does not contain any allegations against defendant. Instead, it incorporates by reference allegations made in several documents filed contemporaneously with the complaint. Thus, I will review these documents to determine whether plaintiff has stated a claim. Further, I note that I held a telephonic conference with the parties on July 21, 2005, at which I provided plaintiff with an opportunity to explain the nature of her claims. I will consider the statements that plaintiff made at this conference in determining whether she has stated a claim against defendant.

After reviewing plaintiff's submissions and considering her statements at the telephonic conference, I conclude that she has not stated a viable claim against defendant. Although she identifies numerous legal theories, such as violations of 42 U.S.C. § 1983, fraud, and violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., she has not stated a claim based on any of these theories. First, plaintiff has not alleged that defendant acted under color of state law and thus has not stated a claim under § 1983. Second, I can find nothing in plaintiff's submissions identifying any fraudulent conduct by defendant, and at the very least, plaintiff has failed to plead fraud with the particularity required by Fed. R. Civ. P. 9(b); therefore, plaintiff has not stated a

claim for fraud. Finally, although plaintiff alleges that defendant violated the FDCPA, only "debt collectors" can do so. See 15 U.S.C. § 1692k. Because the FDCPA defines a "debt collector" as a person who endeavors to collect the debts owed to "another," a creditor attempting to collect its own debt is not a "debt collector" within the meaning of the Act. See 15 U.S.C. § 1692a(6); Nielson v. Dickerson, 307 F.3d 623, 634 (7th Cir. 2002); Aubert v. Am. Gen. Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998). In the present case, plaintiff has not alleged that defendant has tried to collect the debt of another and therefore has not stated a claim under the FDCPA against it.[2] Accordingly, defendant's motion to dismiss is **GRANTED**, and this case is **DISMISSED**. All other pending motions are denied as moot.

**SO ORDERED** at Milwaukee, Wisconsin this 19 day of August, 2005.

/s_____
LYNN ADELMAN
District Judge

---

[2] Plaintiff may mean to bring an action under the FDCPA against debt collectors who attempted to collect debts on behalf of defendant. If this is so, however, plaintiff must sue the debt collectors themselves, which she has not done in this lawsuit.