# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KAREN BOSTWICK**
        **Plaintiff,**

   v.                                          Case No. 05-C-0230

**DISCOVER CARD BANK**
        **Defendant.**

## DECISION AND ORDER

On February 25, 2005, pro se plaintiff Karen Bostwick filed a civil action in this court against defendant Discover Card Bank. In my August 19, 2005 order, I granted defendants Rule 12(b)(6) motion and dismissed plaintiff's complaint for failure to state a claim. On August 30, 2005 plaintiff filed the present motion for reconsideration.

There is no "motion for reconsideration" mentioned in the Federal Rules of Civil Procedure. However, where, as here, a judgment has been entered in a case, a party can seek relief from the operation of a final judgment under Rule 59(e) or Rule 60(b), Federal Rules of Civil Procedure. The key factor in determining whether a "substantive" motion is cognizable under Rule 59 or Rule 60 is its timing. Britton v. Swift Transp. Co., 127 F.3d 616, 618 (7th Cir. 1997). All substantive motions filed within ten days of the entry of judgment are treated as based on Rule 59; all substantive motions filed more than ten days after the entry of judgment are evaluated under Rule 60. Id. A "substantive" motion is one "that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." Id. (internal quotation marks and citation

omitted). I entered judgment on August 19, 2005 and plaintiff filed the present motion August 30, 2005. Using the time computations set forth in Rule 6, I conclude that plaintiff's motion was filed within ten days of the entry of judgment. As such, I will analyze it under the requirements of Rule 59(e).

A party may use Rule 59(e) to direct a district court's attention to newly discovered material evidence or a manifest error of law or fact, enabling the court to correct its own errors, thereby avoiding unnecessary appellate procedures. Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir.1995). However, the rule may not be used as a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the court prior to the judgment. LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir.1995).

As noted in defendant's response, plaintiff's motion consists almost entirely of text discussing theories regarding credit card companies and the federal reserve copied and pasted from some other source. In my August, 2005 order, I concluded that plaintiff failed to state a claim with respect to her allegations that defendant committed fraud, violated 42 U.S.C. § 1983, or violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Plaintiff's brief does not set forth newly discovered evidence, or point out errors of law or fact that would lead me to reconsider my previous decision. Rather, plaintiff's brief is merely an attempt to advance new arguments in support of her cause. Thus, I must deny plaintiff's motion for reconsideration. See LB Credit Corp., 49 F.3d at 1267.

**THEREFORE IT IS ORDERED** that plaintiff's motion for reconsideration is **DENIED**.

Dated at Milwaukee, Wisconsin, this 6 day of December 2005.

/s_____
LYNN ADELMAN
District Judge